UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* NATALIE NICOLE JACKSON

Case No. 25-mc-50899

Honorable Robert J. White

## ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING NATALIE NICOLE JACKSON'S PLEADING

Before the Court is *pro se* party Natalie Nicole Jackson's application to proceed *in forma pauperis*. (ECF No. 3). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss Jackson's pleading because it is frivolous and fails state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Jackson's application has made the required showing of indigence. The Court therefore grants the application and permits the pleading to be filed without requiring Jackson to prepay the filing fee.

The Court must dismiss an *in forma pauperis* complaint if it:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).  *Pro se* filings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that the allegations of *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers); *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996) (noting that *pro se* motions must be construed liberally).  However, the Court "'should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Here, Jackson initiated this case by filing a "FOIA Affidavit Submission" with the Court. (ECF No. 1).  Although this pleading largely consists of various attached documents, a cover letter states:

> I am submitting the enclosed affidavit and documentation concerning my legal and lawful standing in connection with matters involving the entity known as NATALIE NICOLE JACKSON, the associated estate, and all records held under any government agency control related to my identity or trust estate.
>
> Please attach this affidavit to the administrative record and update your files accordingly.  This submission is provided under full reservation of rights, without waiver of any liberties, privileges, or immunities.  If additional information or clarification is required, please contact me in writing at the address listed below.

(ECF No. 1, PageID.1).

Jackson's pleading also includes an "Affidavit and Rebuttal of Presumed Suretyship regarding the artificial legal entity named NATALIE N JACKSON, an ALL CAPS construct, mistakenly presumed to represent [Jackson]."  In relevant part, this document "formally rebut[s]" "[t]he presumption that [Jackson is] liable for debts, taxes, or penalties incurred by the legal fiction NATALIE N JACKSON[.]"  Jackson specifically asserts that she is not a resident or citizen of the United States and "do[es] not consent to being presumed trustee or surety for any public debt." (ECF No. 1, PageID.4-5).  And Jackson includes a declaration essentially stating that she is an independent governing body exempt from the laws of the United States.

3

(*See* ECF No. 1, PageID.7 ("I have never knowingly, willingly, or voluntarily . . .

separated myself from my birthright political status")).

Even construing Jackson's filing liberally, it remains unclear what claim(s)

she is asserting here.  To the extent Jackson invokes FOIA, she fails cite facts or

authority substantiating any FOIA claim.  Instead, she merely attaches a letter from

United States Citizenship and Immigration Services (1) stating that no responsive

records were located in response to Jackson's FOIA request and (2) disclosing her

right to file an administrative appeal of the decision. (ECF No. 1, PageID.2-3).  And

even accepting that Jackson made a proper FOIA request that should have been

granted, she fails to allege that she exhausted administrative remedies before filing

suit. *See Sykes v. United States*, 507 F. App'x 455, 463 (6th Cir. 2012) ("The plaintiffs

failed to state a claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 552,

because they did not allege that they made a proper FOIA request, that the records

requested fall within FOIA, *and* that they exhausted administrative remedies prior

to filing suit in federal court.") (emphasis added).

Next, to the extent Jackson attempts to assert separate claims distinct from

FOIA, these must be dismissed for two reasons.  First, the Court would have to guess

at the nature of any such claim.  More importantly, Jackson's case essentially relies

on the theory that she is a sovereign citizen exempt from United States law (and any

taxes or debts incurred thereunder).  And any claims dependent on this theory must

4

be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); *Payne v. Klida*, No. 15-14127, 2016 U.S. Dist. LEXIS 14968, at *9 (E.D. Mich. Jan. 6, 2016) (holding that the plaintiff's "claim that he is not subject to the laws of the state of Michigan because of some distinction between corporate personhood and actual personhood is totally spurious, unfounded, and frivolous."), adopted by 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016); *Colar v. Heyns*, No. 12-1269, 2013 U.S. Dist. LEXIS 4316, at *10 (W.D. Mich. Jan. 11, 2013) (noting that "the fundamental belief of the sovereign-citizen movement [is] that the government lacks the authority to govern them"); *Bellon v. United States Gov't*, No. 06-10078, 2006 U.S. Dist. LEXIS 103017, at *3 (E.D. Mich. Mar. 28, 2006) ("Courts have long found this 'sovereign citizen' argument to be frivolous."), adopted by 2006 U.S. Dist. LEXIS 23712 (E.D. Mich. Apr. 27, 2006).

\* \* \*

For the reasons given, the Court ORDERS that Jackson's application for leave to proceed *in forma pauperis* (ECF No. 3) is GRANTED.  The Court accepts the filed pleading and will not require prepayment of the filing fee.

The Court further ORDERS that Jackson's pleading titled "FOIA Affidavit Submission" (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Jackson may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: November 17, 2025                     s/Robert J. White_____
                                             Robert J. White
                                             United States District Judge